

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

NGM INSURANCE COMPANY,
a Florida corporation,

            Plaintiff,

v.                 Civil Action No. 1:14cv1500 LO/IDD

EAGLE GENERAL CONTRACTING, LLC,
a Virginia Limited Liability Company,

  SERVE:  State Corporation Commission
        Tyler Building
        1300 E. Main Street
        Richmond, Virginia 23219
        *Statutory Agent*

  and

MOHAMMAD ABDUL RAHIM A/K/A
HAZEM RAHIM

  SERVE:  Secretary of the Commonwealth
        1111 E. Broad Street, 4th Floor
        Richmond, VA  23219

            Defendants.

## COMPLAINT

The plaintiff, NGM Insurance Company ("NGM"), by counsel, in accordance with the *Federal Rules of Civil Procedure*, states the following as its Complaint against the defendants.

### THE PARTIES

1. NGM is a corporation duly organized and existing under the laws of the State of Florida where it maintains its principal place of business. NGM is duly authorized to engage in the surety business in the Commonwealth of Virginia.

2. The defendant, Eagle General Contracting, LLC ("Eagle General"), was at all times pertinent to this proceeding a Virginia limited liability company which maintained its principal place of business at 7531 Leesburg Pike, Suite 400, Falls Church, VA 22043 and then subsequently relocated to 2230 George C. Marshall Drive, Ph-13, Falls Church, VA 22043.

3. The defendant, Mohammad Abdul Rahim, a/k/a Hazem Rahim, was at times pertinent to this proceeding, an individual citizen of the Commonwealth of Virginia and resident of the City of Falls Church, and the managing member of Eagle General.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction under the provisions of 28 U.S.C. § 1332 in that NGM is a citizen of the State of Florida, and Eagle General and Mr. Rahim are citizens of the Commonwealth of Virginia. The amount in controversy exceeds $75,000, exclusive of costs and interest.

5. Venue in this Court is proper as it is specifically conferred by the provisions of 28 U.S.C. § 1391 as the defendants reside, and a substantial part of the events or omissions giving rise to the claims raised by this Complaint occurred within this district and division.

## STATEMENT OF FACTS

6. On or about May 9, 2007 (a) NGM, as surety, (b) Eagle General, as principal and corporate indemnitor, and (c) Mr. Rahim, in his individual capacity as personal indemnitor (Eagle General and Mr. Rahim are sometimes collectively referred to as the "Indemnitors") entered into a written Agreement of Indemnity under the terms and conditions of which each of the Indemnitors, jointly and severally, promised and bound

themselves to exonerate and indemnify NGM, and to hold it harmless from and against, any and all claims, demands, liabilities, losses, attorneys' and consultants' fees, costs and expenses of whatever kind or nature which NGM might sustain or incur, or for which it may become liable by reason of, among other things, (a) having executed or procured the execution of any bonds or obligations on behalf of Eagle General, (b) the failure of Eagle General and/or Mr. Rahim to perform or comply with the terms and conditions of the Agreement of Indemnity, and (c) the need to enforce their obligations under the Agreement of Indemnity. A true and accurate copy of the May 9, 2007 Agreement of Indemnity is attached as Exhibit 1 and is incorporated by reference as if specifically set forth in this Complaint.

7. In reliance upon the terms and conditions of the Agreement of Indemnity, and the promises of the Indemnitors to exonerate and indemnify it for any and all losses, NGM considered and approved the requests of Eagle General for the issuance of contract performance and payment bonds on a number of public construction projects at the Washington Dulles International Airport in Dulles, Virginia ("Dulles Airport"). In each instance, and in accordance with the terms and conditions of its various general contracts, as well as the provisions of *The Miller Act*, 40 U.S.C. §§ 3131-3134, Eagle General furnished its contract payment and performance bonds to the Metropolitan Washington Airports Authority ("MWAA"), the Dulles Airport's owner and a public body created by the United States Congress.

8. Each bond furnished by Eagle General was issued by NGM, as surety, at the Indemnitors' request naming Eagle General as its principal and co-obligor, and MWAA as its obligee. The performance bonds were issued to secure Eagle General's

performance of its obligations to MWAA under the general contract for which it was issued, and the payment bonds were issued for the protection of all persons who qualified as proper claimants who furnished labor and/or materials directly to Eagle General or one its subcontractors in connection with the construction of the project for which it was issued. The projects for which Eagle General issued contract payment and performance bonds include:

a. *Shop 1 Annex Relocation Project*

On or about May 1, 2007, MWAA awarded to Eagle General its general contract (Contract No. MWAA 1-07-C106) under the terms and conditions of which Eagle General agreed to furnish all labor and materials in connection with the relocation and construction of the Shop 1 Annex at Dulles Airport (the "Shop 1 Annex Project"). In accordance with the terms and conditions of the general contract and applicable law, Eagle General furnished its contract payment and performance bonds issued by NGM (Bond Nos. S-634042) dated May 9, 2007 in the amount of $4,048,613.75. Copies of the contract payment and performance bonds are attached as Exhibits 2a and 2b, respectively, and are incorporated by reference as if specifically set forth in this Complaint.

b. *Police Station Expansion Project*

On or about July 28, 2008, MWAA awarded to Eagle General its general contract (Contract No. MWAA 1-08-C180) under the terms and conditions of which Eagle General agreed to furnish all labor and materials in connection with the expansion and construction of the Dulles Police Station Expansion Project (the "Police Station Expansion Project"). In accordance with the terms and conditions of the general contract and applicable law, Eagle General furnished its contract payment and performance bonds

issued by NGM (Bond Nos. S645399) dated July 28, 2008 in the amount of $697,275.00. Copies of the contract payment and performance bonds are attached as Exhibits 3a and 3b, respectively, and are incorporated by reference as if specifically set forth in this Complaint.

    c. *<u>East Lot Walkway and Metal Railing Project</u>*

On or about June 3, 2008, MWAA awarded its general contract (Contract No. MWAA 1-08-C109) to Eagle General under the terms and conditions of which Eagle General agreed to furnish all labor and materials in connection with installation and construction of a walkway and metal railing at the East Lot of Dulles Airport's Main Terminal (the "East Lot Walkway and Metal Railing Project"). In accordance with the terms and conditions of the general contract and applicable law, Eagle General furnished its contract payment and performance bonds issued by NGM (Bond Nos. S645394) dated June 4, 2008 in the amount of $137,700.00. The amount of both bonds were subsequently increased to $195,696.49 by virtue of the issuance of bond rider's dated January 29, 2009. Copies of the contract payment and performance bonds, the bond riders, are attached as Exhibits 4a and 4b, respectively, and are incorporated by reference as if specifically set forth in this Complaint.

    9.    In connection with the performance of its obligations to MWAA under the various contracts to which reference is made in ¶ 8, Eagle General entered into various subcontracts with numerous subcontractors, laborers and materialmen. Notwithstanding its contractual obligations to its subcontractors, laborers and materialmen, Eagle General failed or refused to pay many of them for the labor and/or materials they furnished in connection with the work on the various projects. In addition, Eagle General had a

number of performance issues arise in connection with its work under the contracts at issue which MWAA, as obligee under the performance bonds, called upon NGM to address as Eagle General's surety.

10. As Eagle General's contract bond surety on each of the projects, NGM has been presented with numerous claims, and has been called upon to perform under the terms and conditions of its contract payment and performance bonds. As a result, NGM has (a) received and paid claims, and incurred expenses on the various projects, and (b) incurred and continues to incur losses, including consultants' and attorneys' fees, costs, and expenses.

11. To date, NGM has received and paid claims under the various contract payment and performance bonds it issued on behalf of Eagle General on the following projects in the following amounts:

| | Project | Bond No. | Claimant | Amount Paid |
|---|---|---|---|---|
| a. | Shop 1 Annex Relocation Project | S634042 | Heller Electric | $ 131,735.00 |
| | | | Jett Mechanical | 49,166.00 |
| | | | Jett Mechanical | 20,000.00 |
| | | | National Fire Protection | 10,672.00 |
| | | | Sunbelt Rentals, Inc. | 292.33 |
| | | | Subtotal Paid | $ 211,865.33 |
| b. | Police Station Expansion Project | S645399 | | |
| | | | Wm. H. Gordan Assocs. Surveyors | 1,500.00 |
| | | | Diamond Welding | 3,960.00 |
| | | | Dubrook Concrete | 1,437.43 |
| | | | Encon Consulting | 7,334.00 |
| | | | Genoa Corporation | 3,820.00 |
| | | | Grove Graphics, LLC | 720.00 |
| | | | J&R Roofing | 30,736.00 |
| | | | Lyon Workspace | 37,247.89 |
| | | | Luck Stone | 3,402.42 |
| | | | Matrix Mechanical | 4,401.16 |
| | | | Mid-Atlantic Utility Locating | 3,115.00 |
| | | | Phoenix Concrete | 405.00 |
| | | | R &R Blinds | 671.00 |
| | | | Roofers, Inc. | 3,495.00 |
| | | | Structural Steel | 33,960.00 |

|   |   |   |   |   |   |
|---|---|---|---|---|---|
|   |   |   | Sun Belt Rentals |   | 19,204.26 |
|   |   |   | Theros Equipment |   | 3,585.09 |
|   |   |   | Zero Defects Mechanical |   | 15,000.00 |
|   |   |   | Subtotal Paid | $ | 173,994.25 |
| c. | East Lot Walkway and Metal Railing Project | S645394 | Diamond Welding | $ | 18,997.00 |
|   |   |   | Subtotal Paid | $ | 18,997.00 |
|   |   |   | Total Paid |   | $ 404,856.58 |

12. The total loss on all projects for claims paid to date is $404,856.58. In addition, NGM has also incurred and paid (a) consultants' fees, costs and expenses through May 7, 2012 in the amount of $31,540.75, and (b) attorneys' fees, costs and expenses through November 18, 2013 in the amount of $59,678.06. NGM expects to incur additional consultant and attorney fees, costs and expenses.

13. Under the terms and conditions of the Agreement of Indemnity, the Indemnitors, jointly and severally, are obligated to exonerate and indemnify NGM from and against any and all liabilities, losses, damages, charges, expenses, costs, consultants' and attorneys' fees as the result of the issuance of any bonds on behalf of Eagle General.

14. NGM has made demand that the Indemnitors collateralize, exonerate and indemnify NGM as a result of the claims received, and consultant and attorneys' fee, costs and expenses it has incurred as a result of its issuance of the contract payment and performance bonds, which demands the Indemnitors have wholly ignored and/or have otherwise failed to honor.

## COUNT I

### BREACH OF CONTRACT

15. NGM restates and incorporates the allegations set forth in ¶¶ 1 through 14

7

above as if specifically set forth in this paragraph.

16. Under the terms and conditions of the Agreement of Indemnity, Eagle General and Mr. Rahim are obligated to indemnify NGM and hold it harmless from any and all liabilities, losses, damages, costs, charges, expenses, and consultant and attorneys' fees incurred as a result of the issuance of any bond on behalf of Eagle General.

17. As a result of the receipt of claims, which have been paid, and NGM's issuance of the various bonds on behalf of Eagle General in connection with (a) the Shop 1 Annex Relocation Project, (b) the Police Station Expansion Project, and (c) the East Lot Walkway and Metal Railing Project, NGM (i) has sustained unreimbursed losses due to claims paid in the amount of at least $404,856.58, (ii) has incurred additional losses in the form of consultant and attorneys' fees, costs, and expenses, and (iii) anticipates additional losses in the form of, attorneys' fees, costs, expenses and interest.

18. The failure and/or refusal of Eagle General and Mr. Rahim to exonerate and indemnify NGM under the terms and conditions of the Agreement of Indemnity constitutes a material breach of contract, the direct and natural result of which has caused NGM to sustain significant damages.

WHEREFORE, NGM seeks the entry of an order awarding judgment against Eagle General Contracting, LLC and Mohammad Abdul Rahim a/k/a Hazem Rahim, jointly and severally, (1) for the amounts paid to date in the total amount of $496,075.39 including (a) $404,856.58 for the principal amount it has paid in claims under the various bonds, (b) $31,540.75 for the consultants' fees, costs, and expenses incurred by NGM through May 7, 2012 and (c) $59,678.06 for the attorneys' fees, costs and expenses incurred by NGM through November 18, 2013, (2) for such additional consultant and

attorneys' fees, costs and expenses NGM incurs which are not included in ¶¶ 1(b) and (c) above, and (3) interest at the pre-judgment rate on each payment as authorized by the *Code of Virginia*, as well as post-judgment interest on the entire sum until paid, all as provided by the terms and conditions of the Agreement of Indemnity.

    Respectfully submitted,

    NGM INSURANCE COMPANY

    By Counsel

_____
Richard T. Pledger (VSB No. 28102)
Thomas J. Moran (VSB No. 71296)
WALLACEPLEDGER, PLLC
7100 Forest Avenue
Suite 302
Richmond, VA  23226-3742
Telephone:	(804) 282-8300
Facsimile:	(804) 282-2555
e-mail:	rpledger@wallacepledger.com
	tmoran@wallacepledger.com
*Counsel for NGM Insurance Company*