**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| NGM INSURANCE CO., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. 1:14-cv-1500 |
| ) | |
| EAGLE GENERAL CONTRACTING, LLC, and ) | |
| MOHAMMAD ABDUL RAHIM a/k/a HAZEM ) | |
| RAHIM, ) | |
| ) | |
| *Defendants.* ) | |

## ORDER

This matter comes before the Court on Plaintiff NGM Insurance Co.'s Motion for Entry of Default Judgment (Dkt. No. 14) against Defendants Eagle General Contracting, LLC and Mohammad Abdul Rahim a/k/a Hazem Rahim pursuant to Federal Rule of Civil Procedure 55(b)(2). The Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a) on February 5, 2015. (Dkt. No. 12). The Magistrate Judge issued a Report and Recommendation recommending entry of default judgment on September 1, 2015. (Dkt. No. 25). No objection was filed to this Report and Recommendation, but this Court ordered supplemental briefing on November 17, 2015. (Dkt. No. 26). NGM submitted this additional briefing and exhibits on December 18, 2015. (Dkt. No. 27). The Court now adopts the Report and Recommendation with some alteration in the amount of attorneys' fees, costs, and expenses awarded.

### I.    Discussion

The R&R from Magistrate Judge Ivan Davis recommends that the Motion for Default Judgement be granted and an order be entered awarding Plaintiff $497,760.75. This figure

1

includes (1) $404,456 for the amount NGM has paid under various bonds, (2) $59,387.59 in attorneys' fees, costs and expenses incurred through WallacePledge and Setliff& Holland, (3) $2,376.41 in additional attorneys' fees relating to the Alonzo Ours claim, and (4) $31,540.75 in consultants' fees. This Court was satisfied with the documentation provided to justify the $404,456 in payments made on bonds. However, the Court was not satisfied with the documentation of the attorneys' fees or consultants' fees. The Court also found that it was unclear whether the $2,376.41 in additional attorneys' fees relating to the Alonzo Ours claim should be included in the judgment. The Court, therefore, asked NGM to do five things: (1) provide clear documentation of its consultant fees; (2) provide clear documentation of its attorneys' fees; (3) identify the hourly rates of its attorneys and their experience levels; (4) address the additional Alonzo Ours award; and (5) provide an attestation that its fee and expense were necessary and proper. (*See* Dkt. No. 26). NGM has done all five of these things.

### (1) Consultant Fees

NGM is entitled to $31,540.75 in consultants' fees, costs, and expenses.

NGM submitted a summary of the invoices from its consultant Lovett Silverman, all of the invoices themselves, and a Declaration of Mr. Montecalvo, NGM's National Bond Claims Manager, attesting to the reasonableness and accuracy of the invoices. This documentation is sufficient to establish that NGM is entitled to $31,540.75 in consultants' fees, costs, and expenses.

### (2) Attorneys' Fees

NGM is entitled to $64,438.44[1] in attorneys' fees, costs, and expenses.

---

[1] The total attorneys' fee awarded is slightly higher than that recommended in the R&R because in its original motion NGM asked for fees incurred through March 6, 2015, and in its supplemental briefing NGM asked for fees incurred through September 30, 2015. The Court finds NGM is entitled to the additional fees incurred through September 30, 2015.

NGM submitted summaries of the attorneys' fees incurred with respect to each separate claim NGM received. NGM also created a summary of its "General Indemnity file," a file that includes work performed in furtherance of NGM's indemnity rights that did not necessarily fit under a particular claim. In addition, NGM provided the individual invoices that are listed on each of the summaries. NGM then provided an overall summary of all the attorneys' fees, costs, and expenses it incurred. Finally, NGM provided an affidavit from Richard Pledger, the lead counsel for NGM with respect to the payment and performance bond claims asserted against it due to the failures of Defendants, attesting to the reasonableness and accuracy of the invoices. This documentation is sufficient to establish that NGM is entitled to $64,438.44 in attorneys' fees, costs, and expenses.

### (3) Hourly Rates of NGM's Attorneys and Their Experience Levels

The hourly rates of NGM's attorneys are reasonable.

NGM provided an affidavit from Richard Pledger attesting to the experience levels and hourly rates of every individual who worked on the claims at issue in this case. The hourly rates, ranging from $100-$200 per hour, are reasonable.[2]

### (4) Alonzo Ours Award

NGM has established that it is entitled to $2,376.41 in attorneys' fee on the Alonzo Ours claim.

---

[2] As this Court has previously noted, in establishing that the fees requested are reasonable, the Plaintiff must present the Court with evidence of the prevailing rates in the relevant market. *Porter v. Elk Remodeling, Inc.*, No. 1:09-CV-446, 2010 WL 3395660, at *5 (E.D. Va. Aug. 27, 2010) (citing *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). This is usually accomplished through affidavits from attorneys who practice in the community in which the court where the action is prosecuted sits and who practice in the same field as the Plaintiff. *Id.* (citing *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169 (4th Cir.1994)). NGM has not provided such affidavits to the Court. However, the hourly rates of NGM's attorneys are low in comparison to the rates the Court has found reasonable in other cases, so the Court will not require such affidavits here. *See, e.g., Route Triple Seven Ltd. P'ship v. Total Hockey, Inc.*, No. 1:14-CV-30, 2015 WL 5123302, at *9 (E.D. Va. Aug. 28, 2015) (awarding $420 per hour for partner's work, $250 per hour for experienced associate's work, and $120 per hour for paralegal's work in lease dispute); *American Contractors Indemnity Co. v. West*, 1:12-cv-1015, Dkt. No. 49 (E.D. Va. July 10, 2014) (awarding between $185 and $235 per hour for attorneys' suretyship law work and awarding $95 per hour for paralegals' suretyship law work).

In its supplemental briefing, NGM clearly explained the circumstances surrounding the

Alonzo Ours claim. Alonzo Ours sued Eagle General and NGM in the Circuit Court for the

County of Loudoun, Virginia. NGM defended the suit and filed a cross-claim against Eagle

General, and a third-party complaint against Mr. Rahim. NGM settled with Alonzo Ours for a

payment of $23,650. In the dispute between NGM and Defendants, the Court ruled in favor of

NGM and against Defendants, awarding NGM $23,650 for the payment NGM made to Alonzo

Ours, and $5,743.65 in attorneys' fees. NGM's right to assert additional claims as a result of

future losses was preserved. Between the judgment and the closing of the file on the Alonzo

Ours claim, WallacePledger—NGM's attorney—billed an additional $2,376.41 in fees, costs,

and expenses. No judgment has ever been awarded to NGM for this additional amount. NGM is

thus entitled to those additional fees now.

### (5) Fees and Expenses Were Necessary and Proper

The fees and expenses NGM claims were necessary and proper.

As stated above, NGM has provided affidavits from Anthony Monteclavo and Richard

Pledger attesting that the consultants' and attorneys' fees, costs, and expenses were necessary

and proper under the circumstances. The Court finds these affidavits and the documentation

provided detailing the attorneys' and consultants' fees, costs, and expenses is sufficient to

establish their reasonableness.

**II.   Conclusion**

NGM has established that it is entitled to an entry of default judgment, and an award of

damages, attorney's fees, and consultants' fee. It is therefore ORDERED that:

(1) NGM's Motion for Default Judgment (Dkt. No. 14) is GRANTED.

(2) Plaintiff is awarded $404,456 in damages for payments it made to claimants under the bonds at issue in this case.

(3) Plaintiff is awarded $31,540.75 in consultants' fees, costs, and expenses.

(4) Plaintiff is awarded $64,438.44 in attorneys' fees, costs, and expenses.

(5) Plaintiff is entitled to an award of post-judgment interest at the legal rate until paid.

January 13, 2016
Alexandria, VA

_____ /s/ ____
Liam O'Grady
United States District Judge